UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHARLEY RADER**, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                        Case No.:

**INTERNATIONAL BUSINESS
MACHINES CORPORATION,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLEY RADER ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, INTERNATIONAL BUSINESS MACHINES CORPORATION ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Citrus County, Florida, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Citrus County, Florida.

5. Defendant is authorized to do business, and doing business in Citrus County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff CHARLEY RADER was employed by Defendant as sales transaction support.

10. The similarly situated employees consist of all other sales transaction support personnel employed by Defendants within the last three years.

11. At all times material hereto, Plaintiff and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and the similarly situated employees were "employees" of Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION within the meaning of the FLSA.

13. At all times material hereto, Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION was and continues to be an enterprise covered by the FLSA. See 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION engaged in interstate commerce within the meaning of the FLSA. See 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION exceeded $500,000 per year.

18. Specifically, Plaintiff and the similarly situated employees were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and the similarly situated employees had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiff and the similarly situated employees are "non-exempt employees" who are covered by the FLSA.

20. At all times material hereto, the work performed by Plaintiff and the similarly situated employees was directly essential to the business performed by Defendant.

## FACTS

21. Named Plaintiff CHARLEY RADER began working for Defendant as sales transaction support in June 2001.

22. At various times material hereto, Plaintiff and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rate.

23. Defendant failed to pay Plaintiff and the similarly situated employees an overtime premium for all of their overtime hours, in violation of the FLSA.

24. By failing to accurately record all of the hours worked by Plaintiff and the similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings this case as an "opt-in" collective action on behalf of themselves and other similarly situated employees of Defendant pursuant to 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

27. Therefore, notice is properly sent to: "All sales transaction support personnel whom Defendant failed to compensate for all of the overtime hours that they worked from March 2014 to the present."

28. Specific job titles or job duties of the similarly situated employees do not prevent collective treatment.

29. Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

30. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 29 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

31. During the statutory period, Plaintiff and the similarly situated employees worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

32. Defendant failed to compensate Plaintiff and the similarly situated employees for all of the overtime hours that Plaintiff and the similarly situated employees worked.

33. The similarly situated employees are similarly situated because they were all employed by Defendant as sales transaction support personnel, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its sales transaction support personnel for all of the overtime hours that they worked.

34. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the similarly situated employees who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

35. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiff and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of Plaintiff and the similarly situated employees that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in similarly situated employees at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in similarly situated employees at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendant stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of May, 2017.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**